REGINA MUSIC BOX CO. v. NEWELL et al.

(Circuit Court, S. D. New York.   July 11, 1904.)

1. PATENTS—INFRINGEMENT—ESTOPPEL TO DENY VALIDITY.

> Mortgage trustees of a corporation licensed under a patent, who have taken possession of the property on default, and through their agents have continued the business and to manufacture and sell the patented article, placing the patent stamp thereon, are estopped to deny the validity of the patent when sued for the infringement.

In Equity.   Suit for infringement of patent.   On demurrer to bill.

Briessen & Knauth, for complainant.

Clifford E. Dunn, Esq., for defendants.

PLATT, District Judge.   The second ground of demurrer is the only one pressed by the defendants, viz.:   That the letters patent in suit are absolutely void for want of invention, by reason of matters patent upon their face, or of which the court will take judicial notice.   By filing the demurrer the defendants admit the truth of certain salient facts alleged in the bill, which I will recount as clearly and briefly as time and capacity will permit.   Complainant, having title to letters patent for music box, No. 500,371, did, on December 4, 1897, sue for infringement one Alfred E. Paillard, who sold in New York the infringing product of the factory of a corporation, F. G. Otto & Sons, of New Jersey.   Said corporation paid for the defense of said suit and furnished Paillard with counsel.   On June 28, 1898, after proofs had been taken, it was agreed between complainant and said corporation that a decree for a perpetual injunction should be entered against Paillard, and that said corporation should have a license, which was not assignable, transferable, or divisible, for the full term of the patent.   This was done, and the corporation did business in New Jersey under the license.   On April 1, 1900, the corporation became financially embarrassed, and made a mortgage to Trumbull and Lewis as trustees.   On May 18, 1903, said corporation defaulted in the payments of interest, and said trustees took possession.   Said trustees placed Madison, Otto, and Schaub, who had been managers of the corporation, in charge of its business as their agents, and as such agents the trio conducted the business.   After obtaining the license, the corporation naturally placed the patent stamp on the music boxes which it made and sold, and since the three officers and managers have been in charge as agents for the trustees they have continued to make and sell music boxes with the patent stamp upon them.   The five parties are jointly sued for infringement.

Are the trustees in a position where they can avail themselves of the defense indicated by the demurrer?   They insist that they can, because the license expired under its own terms by the transfer of possession.   But they have permitted the former managers of the corporation to continue the manufacture of music boxes as their agents, and to place the patent stamp upon them, thereby leading the purchaser to believe

¶ 1. See Patents, vol. 38, Cent. Dig. § 184.

that the license still continues; and it would seem that in equity they are estopped from now attacking the validity of the patent, under which they were made by the corporation, and which it is now alleged the agents are assisting the trustees to infringe. It is not incumbent upon the court at this time to seek out the shoulders upon which the blame for the present situation should be placed, but certainly its aid cannot, in all fairness, be invoked in an enterprise which was not attempted by the corporation at a time when the path was plainly open, when it was furnishing the sinews of war to Paillard in the early litigation.

Let the demurrer be overruled.